UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
Johnnie Harvey,

                                                   Plaintiff,                    **COMPLAINT**

    -against-

P.O. Rosa Shield #2161, Defendant John Doe 1-5,        Jury Trial Demanded
Supervising Police Officer John Doe 6, 46th Pct.,
the City of New York,

                                               Defendants.
_____X

       **NOW COME** the Plaintiff, **JOHNNIE HARVEY,** by and through his attorney, **D. Andrew Marshall, Esq.** for his Complaint against the Defendants, respectfully shows to this Court and allege:

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of Plaintiff's rights under the Constitution of the United States.

## VENUE AND JURISDICTION

1. That jurisdiction is founded upon the existence of a Federal Question.

2. That this is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to Plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. §1983 and arising under the laws and statutes of the State of New York.

3. That jurisdiction is founded upon U.S.C. §1331 and §1343(3) and (4), this being an action authorized by law to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to Plaintiffs by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United

1

States, 42 U.S.C. §1983 and arising under the law and statutes of the State of New York.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

5. The amount in controversy exceeds, exclusive of interest and costs, the sum or value of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

## JURY DEMAND

7. Plaintiff demands a trial by jury in this action.

## PARTIES:

6. Upon information and belief the Plaintiff **JOHNNIE HARVEY, HEREINAFTER "PLAINTIFF HARVEY,"** is a citizen of the United States and a resident of the City, County and, State of the Bronx.

7. Upon information and belief, that at all times, hereinafter mentioned, the **Defendant THE CITY OF NEW YORK, hereinafter "Defendant NYC"** was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Upon information and belief, that at all times, hereinafter mentioned, the **Defendant NYC**, its agents, servants and employees operated, maintained and controlled the **New York Police Departments**, including all the police officers thereof.

9. Upon information and belief, NYPD is responsible for the appointment, training, supervision, promotion and discipline of the police offices and supervisory police officers, including the individually named Defendant herein.

10. Upon information and belief, at all times hereinafter mentioned, and on or prior to the 7th day of June 2011 and at all other relevant times, Defendant P.O. Rosa Shield

2

#2161, hereinafter "Defendant ROSA," was employed by Defendant NYC and NYPD, as a police officer with the rank of Detective.

11. Upon information and belief, that at all times hereinafter mentioned, and on or prior to the 7th day of June 2011 and at all other relevant times, Defendant John Doe 1-5, hereinafter "Defendants Doe 1-5," were employed by Defendant NYC and NYPD, as police officers.

12. Upon information and belief, that at all times hereinafter mentioned, and on or prior to the 7th day of June 2011 and at all other relevant times, Defendant SUPERVISING Police Officer John Doe 6, hereinafter "Defendant Supervising Doe" was employed by Defendant NYC and NYPD, as a police officer.

13. Defendants Doe 1-5 and Defendant Supervising Doe were employed by Defendant NYC, as police officers or supervisors, whose true names and shield numbers are presently unknown to Plaintiff.  They are sued in their individual and official capacities.

### FACTS:

14. Upon information and belief, on or about June 7, 2011 at all relevant times, Defendant ROSA, was working as a police officer 46th Precinct.

15. Upon information and belief, on or about June 7, 2011 at all relevant times, Defendants John Doe 1-5 were working as police officers at the 46th Precinct.

16. Upon information and belief, on or about June 7, 2011 at all relevant times, Supervising Police Officer John Doe 6 was working as a police officer at the 46th Precinct.

17. Upon information and belief, on or about June 7, 2011 at all relevant times, in the vicinity of Montgomery and Tremont Avenues, County of the Bronx, City and State of

New York the defendants forcefully stopped Plaintiff without probable cause or reasonable suspicion.

18. Upon information and belief, on or about June 7, 2011 at all relevant times, the defendants kidnapped Plaintiff to the 46th Precinct for an alleged violation of the law.

19. Upon information and belief, on or about June 7, 2011 at all relevant times, while at the 46th Precinct, the defendants, without probable cause, subjected Plaintiff to a strip-search/body cavity search.

20. Upon information and belief, on or about June 7, 2011 at all relevant times the defendants, without probable cause, charged Plaintiff with breach of the law and issued him a desk appearance ticket.

21. Upon information and belief, on or about 10/31/11 the aforementioned charges were dismissed by the Bronx County District Attorney.

## **PENDANT STATE CLAIMS:**

22. That Notice of the Plaintiff's Claim and Notice of Intention to Sue for Damages for false arrest and otherwise has been served upon the Comptroller of Defendants THE CITY OF NEW YORK.

23. That pursuant to §50(h) of the General Municipal Law hearings has been held.

24. That this action is not commenced within one year and 90 days after the cause of action arose.

## **I.**

## **AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF HARVEY: CIVIL RIGHTS ACTION 42 USC §1983**

25. Plaintiff Harvey**,** hereby repeat, reiterate and re-allege each and every allegation contained in paragraphs marked 1 through 24 with the same force and effect as if

4

more fully and at length set forth herein.

26. This action arises under the United States Constitution, particularly under provisions of the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Acts, Title 42 of the United Code, §1983 as well as the rights under the Constitution and laws of the State of New York.

27. Each and all of the Defendants' acts alleged herein were done by the Defendants, their agents, servants and employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and the County of the Bronx, 46th Precinct, and under the authority of their office as police officers of said state, city and county.

28. That on about June 7, 2011 Plaintiff Harvey was a business invitee in a retail store located in the vicinity of Montgomery and Tremont Avenues, County of the Bronx, City and State of New York.

29. That at all relevant times the defendants were present at or near the Subject Premises as part of their regular and official employment as police officers for the Defendants, NYPD and THE CITY OF NEW YORK.

30. That at all relevant times the Plaintiff was unarmed, unthreatening and unequivocally innocent of any crime, had not violated or breached any law, code, regulation, ordinance, statute or otherwise in effect on said date and time.

31. That at all relevant times the defendants devised a plan to stop, search and seize Plaintiff, regardless of whether probable cause existed.

32. That at all relevant times the defendants knew or had reason to know that the alleged plan was in fact an agreement to deprive and violate the Plaintiff' HARVEY's rights .

33. That at all relevant times, Plaintiff Harvey was alone with no contraband on or about his person.

34. That at all relevant times, the Defendants falsified reports that the Plaintiff had breached the law.

35. That at all relevant times, the defendants knew or had reason to know that Plaintiff HARVEY had not breached the law.

36. That the Defendants, without probable cause, reasonable suspicion or other legal reasons, nonetheless proceeded to arrest Plaintiff HARVEY and charged Plaintiff HARVEY with breach of the law.

37. That the Defendants, thereafter proceeded to swear out a Criminal Court complaint alleging that Plaintiff HARVEY, breached the law of New York State.

38. That as a consequence of the Defendants conscious acts and deliberate omissions, Plaintiff HARVEY was made to answer the above charges before the honorable Criminal Court of the City of New York, Bronx.

39. That as a consequence of the Defendants' conscious acts and deliberate omissions, in addition to the false charges being leveled against him, Plaintiff HARVEY was unlawfully imprisoned and unreasonably searched.

40. That as a consequence of the Defendants' conscious acts and deliberate omissions, in addition to the false arrest, false charges and unlawful imprisonment, the Plaintiff was maliciously prosecuted.

41. That at all relevant times, the Defendants were malicious and reckless in their actions towards the Plaintiff because they knew that the Plaintiff was wholly

innocent, but they nevertheless falsely imprisoned, falsely arrested and maliciously prosecuted the Plaintiff without any conduct on the part of the Plaintiff to so warrant.

42. That at all times hereinafter mentioned, the Defendants police officers and each of them, separately, and in concert acted under color and pretense of law, to wit: engaged in the illegal conduct here mentioned to the injury of Plaintiff Harvey and deprived him of the rights, privileges and immunities secured to Plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

43. The unlawful and illegal conduct of the Defendants, agents, servants, and employees, and each of them, deprived the Plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States and the State of New York:

   **a)** the rights of the Plaintiff to be secure in their person and effects against unreasonable search and seizure under the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

   **b)** the right of the Plaintiff to be informed of the nature and cause of the accusation against him secured to him under the Sixth and Fourteenth Amendments of the Constitution of the United States;

   **c)** the right of the Plaintiff not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the law secured by the Fourteenth Amendment to the Constitution of the United States; and, the right to due process of law secured by the Fifth Amendment of the United States.

44. That the aforesaid actions and omissions violations violated 42 U.S.C. §1983 because the Defendants, who tacitly and implicitly agreed to enter into a nefarious scheme, wrongfully deprived and compelled the Plaintiff to abandon his rights and privileges as provided to him under the Constitution of the United States of America, the Constitution of the State of New York, and laws thereto.

45. That by reason of the aforesaid violations, the Defendants, their agents, servants, and employees acted as persons under color of any statute, ordinance, regulation, custom or usage of the City of New York.

46. That by reason of the aforesaid violations, the Defendants, their agents, servants, and employees deprived Plaintiff HARVEY of the rights, privileges and immunities secured by the Constitution of the United States of America and the Constitution of the State of New York.

47. That by reason of the aforesaid violations, the Defendants, their agents, servants, and employees, acting within the scope of their authority and without any probable cause wrongfully, compelled the Plaintiff to abandon his rights and privileges, thereby causing him immeasurable harm.

That by reason of and as a result of the defendants' wrongful conduct, the Plaintiff has been damaged.

## II.
## AS AND FOR A SECOND CAUSE OF ACTION: ATTORNEY FEES 42 U.S.C. §1988

48. The Plaintiff repeats, reiterates, re-alleges and incorporates paragraphs numbered 1 through 47 inclusive as if fully set forth herein.

49. That in the event this Court or jury determines that the Plaintiff' civil rights have been violated under 42 U.S.C. §§1981, 1983, 1985(3) and they are victorious upon a

related claim herein, they demand attorney fees to compensate their attorney for his time, expenses, disbursements, and efforts in prosecuting their claim.

50. That the Plaintiff are entitled to and hereby makes claim for the recovery of reasonable attorney's fees incurred as a result of prosecuting their claim against the individually named police officer pursuant to 42 U.S.C. §1988.

## III.

## AS AND FOR A THIRD CAUSE OF ACTION: PUNITIVE DAMAGES AGAINST POLICE OFFICER ROSA and EACH INDIVIDUALLY NAMED DEFENDANT

51. Plaintiff Harvey hereby repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 50 with the same force and effect as if more fully and at length set forth herein.

52. That Plaintiff Harvey seek punitive damages against each and every individually named Defendants including but limited to Police Officer Rosa.

53. That the Plaintiff seeks punitive damages against each individually name officer to deter not only these Defendants police officers but other like minded individuals police officers from engaging in future similar conduct of falsely arresting and maliciously prosecuting innocent Plaintiff who have not engaged in criminal activities or broken the law.

54. That punitive damages are warranted under the facts and circumstance of this case because Defendants, Police Officer Rosa acted with deliberate, premeditated and specific intent as part of a policy to deprive the Plaintiff of his rights, knowing that such Plaintiff had not broken any laws.

55. That upon information and belief had these Defendants police officers acting in concert done a proper investigation into the allegation of violating Article 220 of the

Penal Law of the State of New York and related charges as leveled against the Plaintiff, and exercised duty without prejudice, disdain, contempt or other impermissible grounds such as the Plaintiff's race or social status, they would not have stopped, seized, arrested, and maliciously prosecuted the Plaintiff without probable cause or reasonable suspicion.

56. That by reason of the above false arrest, malicious prosecution and violation of Plaintiff' constitutional rights, Plaintiff demand THIRTY MILLION ($30,000,000,000) DOLLARS from said individually named defendants to deter future similar outrageous and illegal conduct as happened herein.

57. That by reason of the aforesaid violations, the Plaintiff request the following relief:

    a) Compensatory damages in the sum of Thirty Million($30,000,000.00) DOLLARS for each cause of action;

    b) Punitive damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS for each cause of action.

    c) An award of reasonable attorney's fees, costs and disbursements;

    d) Plaintiff requests a trial by jury of all issues involved in this complaint;

    e) Such other and further relief as this Court may deem just and proper under the circumstances.

## IV.

## AS AND FOR A FOURTH CAUSE OF ACTION: *FALSE ARREST*

58. Plaintiff Harvey hereby incorporates by reference each and every preceding paragraphs of this Complaint paragraphs numbered 1 through 57 as though fully plead and re-alleged in their entirety below.

59. That at all relevant times and thereafter, inside of the Subject Premises, Plaintiff

HARVEY was falsely arrested without any rights or grounds, probable cause or reasonable suspicion by the Defendants herein resulting in deprivation of the rights and privileges secured to him by the Constitution of the United States of America and the Constitution of the State of New York.

60. At all times Plaintiff HARVEY had not consented to being confined by the Defendants.

61. At all times Plaintiff Harvey was conscious of his restraint, loss of liberty and abduction.

62. At all times Plaintiff HARVEY was made to feel fearful, intimidated, demoralized and powerless by the Defendants.

That by reason of the aforesaid, Plaintiff HARVEY have been damaged.

## V.

## AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: NEGLIGENCE IN TRAINING AND SUPERVISING

63. Plaintiff HARVEY, hereby repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 62 with the same force and effect as if more fully and at length set forth herein.

64. That the defendant NYC, their agents, servants and employees, carelessly and recklessly failed to properly train and supervise their employees, in particular, the named Defendants.

65. That the defendant NYC, their agents, servants and employees failed to train their employees to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonable, prudent police officers.

66. That the defendant NYC, their agents, servants and employees failed to give their employees proper instruction as to their department, behavior and conduct as representatives of their employer; and, in that the Defendants, their agents, servants and employees were otherwise reckless, careless and negligent.

67. That the aforesaid occurrence, to wit the false arrest, malicious prosecution and negligence of hiring resulting in injuries therefrom, were caused wholly and solely by reason of the negligence of the Defendants, its agents, servants and employees without any negligence on the part of Plaintiff HARVEY.

68. That by reason of the aforesaid Plaintiff HARVEY was injured because of the false charges.

That by reason of the aforesaid, Plaintiff HARVEY has been damaged.

# VI.
## AS AND FOR SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: CIVIL RIGHTS ACTION 42 USC §1985

69. PLAINTIFF hereby repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 68 with the same force and effect as if more fully and at length set forth herein.

70. That all relevant times, the Defendant entered into an actual or tacit agreement to deprive Plaintiff HARVEY of his constitutional rights and civil rights.

71. That at all relevant times the Defendants entered into said agreement for the express purpose of depriving Plaintiff HARVEY of equal protection of the law, equal privileges and immunities und ether law, due process of law under the

Fourth, Fifth, Eighth and Fourteenth Amendments to the united States Constitution.

72. That at all relevant times, in furtherance of the said conspiracy, the defendants did in fact manufacture and falsify evidence against Plaintiff HARVEY resulting in serious and permanent injuries to PLAINTIFF' person, dignity and humanity.

73. That at all relevant times, in furtherance of the said conspiracy to cover-up the said false arrest, did maliciously prosecute the PLAINTIFF.

74. That at all relevant times, the Defendant entered into said agreement for the express purpose of depriving PLAINTIFF of equal protection of the law, equal privileges and immunities und ether law, due process of law under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

75. That at all relevant times, the defendants, as a ruse to cover up their acts and omissions, disregarded PLAINTIFF's obvious innocence.

76. That at all relevant the Defendants furthered the goals of the aforementioned policy, practice and custom to pad their number of arrest and to meet a quota system initiated and maintained by 46TH PRECINCT.

77. That at all relevant times the Defendants' acts and omissions were motivated by PLAINTIFF's race, ethnicity and social status.

78. That the aforesaid unlawful stop, search, seizure, deprivation, deliberate indifference, detentions and prosecution of Plaintiff by the Defendants, deprived PLAINTIFF of his rights and liberties as set forth in the Constitutions of the United States and of the State of New York, in that the Defendant falsely imprisoned the Plaintiff and conspired to cover up their acts and omissions, and otherwise violated Plaintiff without any conduct on the part of the Plaintiff to so warrant.

By reason of the aforesaid, Plaintiff has been damaged.

## VII.

## AS AND FOR SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *DENIAL OF SUBSTANTIVE DUE PROCESS*

79. Plaintiff Harvey**,** hereby repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 78 with the same force and effect as if more fully and at length set forth herein.

80. At all relevant times the Defendants created false evidence against Plaintiff.

81. At all relevant times the Defendants DOE and Defendant ROSA forwarded false evidence to prosecutors in the Bronx County District Attorney's Office.

82. At all relevant times In creating false evidence against Plaintiff, and in forwarding false evidence to prosecutors, the Defendants and Defendant ROSA violated Plaintiffs right to substantive due process under the Due Process Clause of the Fifth and Fourteenth Amendments of the Constitution of the United States

83. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

   That by reason of the aforesaid, Plaintiff Harvey has been damaged.

## VIII.
## AS AND FOR EIGHTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *MALICIOUS ABUSE OF PROCESS*

84. Plaintiff **HARVEY,** hereby repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 83 with the same force and effect as if more fully and at length set forth herein.

85. Defendants DOE and Defendant ROSA issued legal process to place Plaintiff under

arrest.

86. Defendants DOE and Defendant ROSA arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to obtain more arrests, to obtain more indictments, to obtain more convictions, to obtain overtime pay, and to obtain promotions within their respective agencies, among other things

87. Defendants DOE and Defendant ROSA acted with intent to do harm to Plaintiff without excuse or justification.

88. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

   That by reason of the aforesaid, Plaintiff Harvey has been.

## IX.

## AS AND FOR NINETH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *FAILURE TO INTERVENE*

89. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained herein in paragraphs marked 1 through 88 with the same force and effect as if more fully and at length set forth herein.

90. Those individual Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct; had an opportunity to prevent such conduct; had a duty to intervene and prevent such conduct; and failed to intervene.

91. Accordingly, the individual Defendant who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States.

92. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

   That by reason of the aforesaid, Plaintiff Harvey has been damaged.

## X.

## AS AND FOR TENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *EQUAL PROTECTION CLAUSE, 42 U.S.C. § 1983*

93. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained herein in paragraphs marked 1 through 92 with the same force and effect as if more fully and at length set forth herein.

94. The Defendants' conduct was tantamount to discrimination against Plaintiff based on her ethnicity. Other individuals who are not African-American are not targeted and falsely arrested; conspired against; subjected to excessive force, among other things.

95. This disparate treatment caused Plaintiff to suffer serious injuries.

96. As a result of the foregoing, Plaintiff was deprived of his rights under the Equal

97. Protection Clause of the Constitution of the United States, and is thereby entitled to damages.

   That by reason of the aforesaid, Plaintiff Harvey has been damaged.

## XI.
## AS AND FOR ELEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *SUPERVISORY LIABILITY UNDER 42 U.S.C. § 1983*

98. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained herein in paragraphs marked 1 through 97 with the same force and effect as if more fully and at length set forth herein.

99. Defendant Supervising Doe personally caused Plaintiff's constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise his subordinate employees regarding the adequate and proper

investigation of the underlying facts that preceded Plaintiff's arrest, and by approving Plaintiff's arrest despite the availability of exculpatory evidence and/or the lack of probable cause.

100. Defendant Supervising Doe personally caused Plaintiff's constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise their subordinate employees regarding the adequate and proper marshaling of evidence.

101. Defendant Supervising Doe personally caused Plaintiff's constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise his/her subordinate employees regarding the adequate and proper grounds for forcefully entering her apartment without a warrant and thereafter subjecting Plaintiff HARVEY to unreasonable search, despite no legal basis for doing so.

102. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

That by reason of the aforesaid, Plaintiff Harvey, has been damaged.

## XII.

### AS AND FOR TWELVTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *MONELL*

103. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in paragraphs marked 1 through 102 with the same force and effect as if more fully and at length set forth herein.

104. This is not an isolated incident. Defendant The City of New York, through its policies, customs, and practices, directly caused the constitutional violations suffered by Plaintiff. Defendant NYC, through the NYPD, has had, and still has, hiring practices that it knows will lead to the hiring of police officers lacking the intellectual

capacity and moral fortitude to discharge their duties in accordance with the Constitution of the United States and is indifferent to the consequences.

105. Defendant NYC, through the NYPD, has a de facto quota policy that encourages unlawful arrests, the fabrication of evidence, and perjury.

106. Defendant The City of New York, through the NYPD, has a de facto overtime policy that encourages and incentivizes false arrests, the fabrication of evidence, and perjury.

107. Defendant NYC, through the NYPD, has a de facto employee promotion policies that encourages negligent investigations; the fabrication of evidence; perjury; and improper manipulation of prosecutors.

108. Defendant The City of New York, through the NYPD have had, and still have, hiring practices that they know will lead to the hiring of employees and attorneys lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the Constitution of the United States and is indifferent to the consequences.

109. Defendant NYC through the NYPD, has de facto policies that encourage competition among employees.  These policies encourage negligent investigations; the fabrication of evidence; perjury; and improper manipulation of prosecutors.

110. Defendant NYC through the NYPD has had, and still has, a de facto policies that encourage mass stop, searches and seizures of African-American living in targeted precincts.

111. Defendant NYC, at all relevant times, were aware that the individual Defendant routinely committed constitutional violations such as those at issue here and have failed to change their policies, practices, and customs to stop this behavior.

112. Defendant NYC, at all relevant times, was aware that the individual Defendant

are unfit officers, attorneys, and employees who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

113. These policies, practices, and customs were the moving force behind Plaintiffs injuries.

114. The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by Plaintiff.

115. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein have a propensity for unconstitutional conduct, or have been inadequately trained.

116. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action.

117. The City failed to properly train, retrains, supervises, discipline, and monitor the defendants and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants.

118. In addition, the following are City policies, practices and customs:

    (a) Arresting innocent individuals, based on a pretext, in order to meet productivity goals;

    (b) Fabricating evidence against individuals;

    (c) Using and threatening the use of excessive force on individuals;

    (d) Retaliating against individuals who engage in free speech.

  (e) Performing baseless strip-searches on individual for minor offenses as a matter of course, and

  (f) performing baseless body-cavity searches on individual for minor offenses as a matter of course

That by reason of the aforesaid, Plaintiff Harvey, has been damaged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

(a) Compensatory damages against all Defendant, jointly and severally;

(b) Punitive damages against the individual Defendant, jointly and severally;

(c) Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper

Dated: New York, New York
    The 6th day of June 2014

              /s/
              _____
              D. Andrew Marshall, Esq.
              Attorney for the PLAINTIFF
              225 Broadway, Suite 1804
              New York, New York 10007
              (212) 571-3030 (office)
              (212) 587-0570 (facsimile)
              marshall.law4@verizon.net